Filed 3/2/16  P. v. Jacquez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES T. JACQUEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B259772<br>(Super. Ct. No. SA087273-02)<br>(Los Angeles County) |

James T. Jacquez appeals his sentence following his conviction for grand theft (Pen. Code, § 487, subd. (a)) and felony vandalism (§ 594, subd. (a)) after a jury trial.[1]  In a bifurcated proceeding, the trial court found Jacquez had served a prior prison term (§ 667.5, subd. (b)) and had a prior serious felony conviction (§§ 211, 1170.12, subd. (b), 667, subd. (b)-(i)).  It granted a "*Romero* motion" and found "there is significant and substantial time available without the need to secure additional time with the prior serious felony."  It imposed a two-year sentence for the theft conviction and a consecutive eight-month term on the vandalism count for an aggregate two-year eight-month sentence.  We conclude the trial court erred by not staying the eight-month term on the vandalism conviction pursuant to section 654.  We reverse and remand for resentencing.

---

[1] All statutory references are to the Penal Code.

FACTS

On the evening of May 4, 2015, Paul McCready heard the sound of someone hitting a hammer on the lock of a gate to the Westside Tires store. He saw Jacquez throwing tires from the store over a fence to a pickup truck parked outside the store. Jacquez unsuccessfully tried to get the tires into the "truck bed," but "they were bouncing everywhere." The tires landed in an alley outside the store. McCready called the police.

William Lopez, the store owner, received a call from the police about "a possible burglary" at his store. He went to the store, opened the gate, and entered the business. He saw "four wheels and tires outside [his] property" in the alley next to the store. He said because the gates were locked there was no way "to wheel the tires off of the property" into the alley. The tires and wheels were items he had been holding for a customer inside the tire store. Lopez noticed a yellow ax on his property which did not belong to him.

The tires were damaged. There were "scuffs" on the "lips" of the wheels. The repairs cost $900. The lock to the gates of the store was damaged by "hit marks." The cost to repair that damage was $350.

DISCUSSION

*Section 654*

Jacquez contends the trial court erred in sentencing by not staying the eight-month term on his vandalism conviction pursuant to section 654. The People agree. They are correct.

The trial court imposed an eight-month term on the vandalism count to run consecutively to the two-year sentence on the theft conviction.

"[S]ection 654 protects against multiple punishment, not multiple conviction." (*People v. Harrison* (1989) 48 Cal.3d 321, 335.) Where "there are several offenses committed during 'a course of conduct deemed to be indivisible in time," section 654 applies to protect the defendant from multiple punishment. (*Ibid.*) We decide whether a transaction is indivisible by considering the defendant's "intent and objective," not "the temporal proximity of his [or her] offenses." (*Ibid.*) "[I]f all of the offenses were merely

2

incidental to, or *were the means of accomplishing or facilitating one objective*, defendant may be found to have harbored a single intent and therefore may be punished only once." (*Ibid.*, italics added.)

Here the People's position at trial was that the vandalism occurred as the means of accomplishing the theft offense. The prosecutor told jurors in her opening statement, "[Jacques] is charged with stealing tires . . . and he's also charged with vandalism. The vandalism occurred in the process of stealing the tires. The vandalism was to the tires, which became damaged in the process of stealing them. And also vandalism to the gate and the lock that surrounds this property."

In other words, the vandalism was "merely incidental" to the goal of committing the theft. (*People v. Harrison*, *supra*, 48 Cal.3d at p. 335.) A section 654 stay of the eight-month term on the vandalism count was required. (*Ibid.*)

DISPOSITION

We reverse and remand for resentencing.

NOT TO BE PUBLISHED.

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

3

Elden S. Fox, Judge

Superior Court County of Los Angeles

_____

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, Tannaz Kouhpainezhad, Deputy Attorney General, for Plaintiff and Respondent.